**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
IFEANYICHUKWU E. OKEKE,　　　　　　　　　　**ECF**
JERRY BAGLIONE, IQBAL BAJWA
ADEL MAHMOUD, NAEEM U. QURESHI,　　　Case No.: 16-Cv-00570 (CM)(DCF)

and ABEL DE LA TRINIDAD,
　　　　　　　　　　Plaintiffs,
　　-against-

NEW YORK PRESBYTERIAN HOSPITAL,
　　　　　　　　　　Defendant.
---------------------------------------------------------X


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S IN LIMINE OPPOSITION TO JURY
DETERMINATION OF BACK PAY AND FRONT PAY**


　　　　　　　　　　OSONDU ANYADIKE
　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　303 Livingston Street, 2nd Flr
　　　　　　　　　Brooklyn, New York, NY 11217
　　　　　　　Tel: 347-543-1626; Fax: 718-858-2489


　　　　　　　　　　ANTHONY C. OFODILE
　　　　　　　　　　OFODILE & ASSOCIATES, p.c
　　　　　　　　　　498 Atlantic Avenue
　　　　　　　　　　Brooklyn, NY 11217

# **TABLE OF CONTENTS**

1. **INTRODUICTION**

2. **ARGUMENT**

3. **CONCLUSION**

## TABLE OF AUTHORITIES

1. *Morse v. Jet Blue Airways Corp*., 2014 U.S. Dist. LEXIS 78778 *;

2. *DeCurtis v. Upward Bound Int'l, Inc.,* No. 09-CV-5378, 2011 U.S. Dist. LEXIS 114001, 2011 WL 4549412, at *3 (S.D.N.Y. Sept. 27, 2011) (citing N.Y. Exec. Law § 297(4), (9); N.Y.C. Admin. Code § 8-502(a));

3. *Meling v. St. Francis College*, 3 F. Supp. 2d 267, 275 (E.D.N.Y. 1998) (citing Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 144-45 (2d Cir. 1993).

## INTRODUCTION

Plaintiffs brought this action under the Age Discrimination in Employment Act (ADEA), Title V11 of the Civil Rights Act, 1964 (Title V11), and under the New York State (the State Law) and New York City Human Rights Laws (the City Law), alleging age-based discrimination. Plaintiffs also claimed against hostile work environment, retaliation and infliction of emotional distress. Pursuant to the court's Decision and Order on the Defendant's Summary Judgment Motion , all of the claims were dismissed except the claims for age discrimination under the ADEA, the State and the City Laws, as well as hostile work environment under the City Law.

Back pay is available to plaintiffs under the ADEA, NYSHRL, and NYCHRL. *See* Morse v. Jet Blue Airways Corp., 2014 U.S. Dist. LEXIS 78778 *;DeCurtis v. Upward Bound Int'l, Inc., No. 09-CV-5378, 2011 U.S. Dist. LEXIS 114001, 2011 WL 4549412, at *3 (S.D.N.Y. Sept. 27, 2011) (citing N.Y. Exec. Law § 297(4), (9); N.Y.C. Admin. Code § 8-502(a)); Meling v. St. Francis College, 3 F. Supp. 2d 267, 275 (E.D.N.Y. 1998) (citing Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 144-45 (2d Cir. 1993).

## ARGUMENT

The Plaintiffs are entitled to, and indeed have a right to, a Jury trial of their *state law* claims of age discrimination, as well as a right to Jury trial of their hostile work environment claim under the *City Law*. That right includes the right to a jury determination of their front and back pay arising from their causes of action. The only cause of action to which jury trial as an equitable remedy may apply in the circumstance is the cause of action under ADEA. The case of *Brosdnax* cited and relied upon by the Defendant in objecting to jury trial of the back and front pay deals with economic damages of claims under Title VII. Pursuant to the court's decision and order on

the Defendant's Summary Judgment Motion the Plaintiffs' Title VII claim was dismissed. In the circumstances of this case, the court should submit the question of front and back pay to the jury for an advisory ruling.

**3.     CONCLUSION**

We urge Your Honor to deny Defendant's instant motion.

Respectfully submitted,

/s/

_____

OSONDU ANYADIKE
Attorneys for Plaintiffs
303 Livingston Street, 2nd Flr
Brooklyn, New York, NY 11217
T:347-543-1626; F:718-858-2489

ANTHONY C. OFODILE
Ofodile &Associates, P.C
498 Atlantic Avenue
Brooklyn, NY 11217.