USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————x

IFEANYICHUKWU E. OKEKE, et al.,

        Plaintiffs,

  -against-                                No. 16-cv-570 (CM)

THE NEW YORK AND PRESBYTERIAN
HOSPITAL,

        Defendant.
————————————————————x

## MEMORANDUM DECISION AND ORDER DISPOSING OF PLAINTIFFS' AND DEFENDANT'S MOTIONS IN LIMINE

McMahon, C.J.:

Before the Court are four motions in limine in this case, one from Plaintiffs (Dkt. No. 143), and three from Defendant (Dkt. Nos. 135, 138, 140). Plaintiff has also submitted an additional letter motion, which the Court construes as an additional motion in limine. (Dkt. No. 160.)

### Plaintiffs' Motion in Limine

Plaintiffs move in limine to preclude Defendant from using or testifying about Analyzer printouts that were not produced during discovery and from introducing purportedly fabricated Cerner screenshots.

The motion is denied.

Defendant complied fully with Magistrate Judge Freeman's discovery orders. To the extent that Defendant, after the conclusion of discovery and in response to certain arguments made by Plaintiffs in connection with the motion for summary judgment, exceeded the bounds of the Magistrate Judge's previously-entered limitation on discovery of Analyzer printouts, and located additional boxes of printouts, the newly-discovered evidence was made available to Plaintiffs for inspection when it was retrieved, which was well before the July 12 trial date. Plaintiffs have only themselves to blame if they failed to avail themselves of the opportunity to inspect these documents.

Furthermore, Defendant represents that it only intends to use the Analyzer printouts if Plaintiffs open the door by testifying to facts that could be impeached with the newly-discovered Analyzer printouts — which is to say, they will be used only in rebuttal. They would certainly be

1

admissible for that purpose if they impeach testimony given at trial, without regard to whether or not they had been produced during discovery. *See* Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii).

The motion is also denied to the extent that it seeks to preclude Defendant from introducing Cerner screenshots, because Plaintiffs have offered no competent evidence that the screenshots were in fact altered. This matter was disposed of in the decision denying the motion for summary judgment. (*See* Dkt. No. 117 at 7-8.) In limine motions are not properly used to relitigate issues already decided.

Plaintiffs recently submitted a letter listing the names of witnesses whose testimony they seek to preclude, on the ground that these witnesses were not disclosed during discovery: Dr. Robert Green, Dr. Richard Liebowitz, Seth Kavanagh, Chastity Cruz, and Bulent Oral. (Dkt. No. 160.) Defendant has produced a copy of its initial Rule 26 disclosure, which includes Cruz and Oral as potential witnesses, but has not explained its failure to disclose Green, Liebowitz, or Kavanagh. (Dkt. No. 161.) Accordingly, these three witnesses will not be permitted to testify except as rebuttal witnesses.

## Defendant's Motions in Limine

Defendant's first motion in limine (Dkt. No. 135) seeks to preclude all evidence regarding certain of Plaintiffs' claims as preempted by federal labor laws. Although labelled a motion in limine, this is actually an untimely motion for summary judgment. "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence," not to rule on the merits of a claim or defense. *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003). It is not a substitute for a summary judgment motion. That motion is, accordingly, denied. Defendant may renew this motion at trial as a motion for a judgment as a matter of law, but not until the close of Plaintiffs' case.

Defendant's second motion in limine (Dkt. No. 138) seeks to have the Court, rather than the jury, determine Plaintiffs' claims for front and back pay. A lost wages award under federal antidiscrimination law is "an equitable remedy, [as to which] a party is generally not *entitled* to a jury determination." *Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005). However, claims for "money damages under the [New York] Human Rights Law are a legal remedy," as to which a plaintiff *is* entitled to a jury determination. *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1190 (2d Cir. 1992); *Epstein v. Kalvin-Miller Int'l, Inc.*, No. 96 Civ. 8158, 2000 WL 1761052, at *2 (S.D.N.Y. Nov. 29, 2000); *see also Johnson v. Strive E. Harlem Emp't Grp.*, 990 F. Supp. 2d 435, 456 (S.D.N.Y. 2014) (reviewing jury verdicts on lost wages under Title VII, NYHRL and NYCHRL). "Courts presiding over jury trials where lost wages were considered an equitable remedy under federal law and a legal remedy under state law have either treated the jury's lost wage awards as advisory or considered lost wages to have been awarded under state law, and, therefore, treated the award as non-advisory." *Morse v. JetBlue Airways Corp.*, No. 09-CV-5075, 2014 WL 2587576, at *3 (E.D.N.Y. June 9, 2014) (citations omitted).

Defendant's motion is, therefore, denied. The issue will go to the jury.

Defendant's third motion in limine (Dkt. No. 140) seeks to preclude the introduction of various exhibits and testimony.

First, it seeks to preclude Plaintiffs from testifying about claims of discrimination that have been dismissed. That aspect of the motion is granted. The only claims on trial concern age discrimination. Evidence about allegations of religious discrimination and retaliation – allegations about underlying claims that have been dismissed by this Court – are irrelevant and inadmissible pursuant to Fed. R. Civ. P. 401, 402 and 403.

Second, Defendant seeks to preclude Plaintiffs from calling at trial witnesses who were never identified during discovery: Samantha Bowie, Paul Jeremie, Emily Cruz, Arnel Cera, Keerthi Suraweera, Christine McCready, Lea Verceles and Lehann Hyun Mercado. This aspect of the motion is denied.

The rule articulated above applies to Plaintiffs just as it does to Defendant. However, Plaintiffs listed Bowie, Cera, Cruz, Suraweera, McCready, Verceles, and Mercado as persons having knowledge of the events in suit in their Rule 26 disclosures. Although they did not specifically identify them as potential witness, they complied with Fed. R. Civ. P. 26(a)(1), which requires only the disclosure of individuals "likely to have discoverable information." I do not read Rule 26(a)(1) as compelling Plaintiffs to decide, even preliminarily, whom to call as trial witnesses prior to the time of trial preparation, although I recognize that some other judges have so held.

Furthermore, three of these witnesses (Bowie, Jeremie, and Cruz) submitted affidavits in opposition to Defendant's motion for summary judgment, and Cera and Suraweera were deposed. There can be no argument that Defendant was surprised or prejudiced by their inclusion on the witness list.

All eight of these individuals may testify in person at trial; and Cera and Suraweera's depositions may be used in lieu of live testimony if they are not located within the subpoena power of the Court.

Nothing in this ruling should be read as a conclusion that anything these individuals might have to say is relevant to this lawsuit. I am ruling, right now, that Samantha Bowie may not testify about purported sexual orientation harassment, which has nothing whatever to do with this case.

Third, Defendant argues that Plaintiffs failed to disclose during discovery "a computation of each category of damages claimed by the disclosing party," as required by Rule 26(a)(1)(A)(iii). According to Defendant, Plaintiffs never provided an initial damages computation, and failed to supplement their disclosures with such a computation during discovery despite requests from Defendant. Plaintiffs do not dispute these facts; indeed, they do not even address the issue in their brief.

A plaintiff's failure to disclose a computation of damages in her initial disclosure "is alone sufficient to preclude her from submitting evidence of it at trial." *Roberts v. Ground*

*Handling, Inc.*, No. 04 Civ. 4955, 2007 WL 2753862, at *4 (S.D.N.Y. Sept. 20, 2007). As Plaintiffs have "offered no explanation or excuse for their failure to produce this information . . . [t]he Court, accordingly, will preclude [P]laintiffs at trial from offering any damages evidence not produced in discovery or any damage calculation not based on documents produced in discovery." *Richmond v. Gen. Nutrition Centers Inc.*, No. 08 Civ. 3577, 2012 WL 762307, at *8 (S.D.N.Y. Mar. 9, 2012).

This ruling applies only to economic damages other than front and back pay. It does not preclude Plaintiffs from testifying about their damages due to emotional distress, which are not amenable to a precise calculation but are left to the discretion of the jury. It also does not preclude the introduction of evidence about Plaintiffs' compensation while employed by Defendant for purposes of calculating back pay and front pay. That information has at all times been within Defendant's control. Computations based thereon will be admitted.

Fourth, Defendant's motion in limine seeks to preclude Plaintiffs from offering affidavits in lieu of live testimony or deposition testimony of witnesses who do not live within the subpoena power of the Court. That aspect of the motion is granted. No one will testify by affidavit at the upcoming trial, because affidavits cannot be cross-examined.

Similarly, Plaintiffs may not introduce their deposition testimony on their direct case. Plaintiffs may testify from the witness stand. Defendant may introduce portions of Plaintiffs' depositions, but Plaintiffs may not. Defendant may also use Plaintiffs' depositions for impeachment without introducing those portions into evidence.

Defendants seek to preclude live witnesses from introducing inadmissible hearsay. If someone attempts to elicit hearsay testimony during trial, counsel should make an objection and the Court will rule at the time. Motions in limine are inappropriate vehicles for trying to anticipate all the hearsay that a party might attempt to introduce. The Court will enforce the Federal Rules of Evidence if proper and timely objections are made.

The Court will not preclude the introduction of evidence about comments by managers that can be plausibly argued as being surrogate comments concerning Plaintiffs' ages – remarks about "new faces," about Plaintiffs' being "slow," etc. Defendant can argue about the relevance of these statements; the jury will be instructed concerning the roles of non-decisionmakers. The Court will likewise not exclude as irrelevant remarks about Plaintiffs' competence.

Fifth, Defendant seeks to preclude the introduction of any hospital records that were removed from the hospital without authorization by Plaintiff Okeke. These records contain confidential Patient Health Information ("PHI") and Okeke admitted at deposition that he received these documents without authorization and outside the discovery process. That aspect of the motion is granted. Stolen medical records may not be admitted, by any Plaintiff, for any purpose. Before the final pretrial conference, counsel should identify in writing the relevant exhibits (identified by Bates or exhibit number).

Sixth, Defendant seeks to preclude Plaintiffs from testifying about Analyzer printouts or Cerner screenshots, including about any additional tests that they assert they performed. I will

not preclude such testimony, aside from what I have already precluded – that is, Plaintiffs may not assert that the Cerner screenshots were falsified. Plaintiffs are free to attack the bona fides of Defendant's investigation. To the extent that Plaintiffs' testimony may be impeached or rebutted by Analyzer printouts, I have already ruled that Defendant is free to introduce them for that purpose.

Seventh, Defendant moves to preclude Plaintiffs from offering speculative testimony about why other individuals left Defendant's employ. That aspect of the motion is granted. If questions along this line are put to a Plaintiff and I am shown deposition testimony indicating that a Plaintiff testified that he had no personal knowledge about such matters, Plaintiff's counsel will be liable for sanctions. Hearsay objections must be made at the time testimony is elicited. I will not rule on hearsay objections in advance.

Eighth, Defendant seeks to preclude any evidence about Lutinger's prior employment at NYU Medical Center and allegations of discrimination while so employed. That aspect of the motion is granted; such testimony has no relevance to this case, would be unduly prejudicial in violation of Rule 403, and would result in trials of extraneous issues.

Ninth, Defendant seeks to preclude all testimony and evidence regarding acts that occurred more than three years prior to the filing of the complaint. That aspect of the motion is denied. Evidence that would support claims that are time-barred is nonetheless admissible as background evidence should it be relevant, and Defendant's counsel knows that perfectly well.

Tenth, Defendant seeks to preclude the introduction of any evidence of Plaintiffs' damages for emotional distress, on the ground that Plaintiffs failed to produce medical records or HIPAA authorizations during discovery (other than Qureshi, who did provide a HIPAA authorization and whose medical records were obtained by Defendant). Subject to the prior ruling that Plaintiffs will not be permitted to introduce evidence of damages not produced in discovery or computations based on such evidence, this aspect of Defendant's motion is denied. Plaintiffs are to free to testify as to any distress they allegedly suffered, and Defendant is free to cross-examine them on their failure to obtain medical treatment and then to suggest to the jury that Plaintiffs really suffered no distress at all.

Finally, Defendant seeks to preclude as irrelevant the introduction of any evidence that Plaintiffs' computer passwords were changed. Plaintiffs assert this evidence is relevant to their claim that Defendant falsified evidence. The Court has already ruled that Plaintiffs have failed to put forward any credible evidence that Defendant falsified screenshots or other evidence, and therefore this testimony will be precluded as well. This aspect of Defendant's motion is granted.

## Conclusion

Accordingly, Plaintiffs' motion in limine (Dkt. No. 143) is DENIED. Plaintiff's letter motion seeking preclusion of certain witnesses (Dkt. No. 160) is GRANTED IN PART AND DENIED IN PART. Defendant's first motion in limine (Dkt. No. 135) is DENIED. Defendant's second motion in limine (Dkt. No. 138) is DENIED. Defendant's third motion in limine (Dkt. No. 140) is GRANTED IN PART AND DENIED IN PART.

Dated: June 6, 2017

_____
Chief Judge

BY ECF TO ALL COUNSEL